James F. SAMPLES and Hazel Samples,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 610.

United States District Court
N. D. Georgia,
Newnan Division.

Nov. 8, 1963.

Thomas B. Murphy, Murphy & Murphy, Bremen, Ga., for plaintiffs.

Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., for defendant.

MORGAN, District Judge.

On January 4, 1963, the plaintiffs in the above-styled case filed a complaint against the defendant, contending that the defendant is indebted to the plaintiffs in the principal sum of $343.00 for the taxable year 1958, together with interest thereon at 6 percent per annum from April 15, 1959. The plaintiffs claim that the determination of the Commissioner of Internal Revenue that they could not claim their brother, Mack D. Samples, as a dependent was erroneous as they contend that they, the plaintiffs, contribute more than 50 percent of the dependent Mack D. Samples' support.

On October 4, 1963, the defendant filed a motion for summary judgment, setting up that the sole issue in this case is whether the plaintiffs provided over half of the support of the taxpayer-husband's brother in order to permit the plaintiffs to claim the brother as a dependent and to deduct certain medical expenses paid on his behalf.

Individual taxpayers are allowed an exemption of $600.00 for each dependent as defined in Section 152 of the Internal Revenue Code of 1954. In addition, individual taxpayers are permitted to deduct expenses, not compensated by insurance, for medical care of a dependent as defined in Section 152. Resolution of the issue in this case depends solely upon whether the brother of Mr. Samples meets the definition of a dependent as set forth in Section 152. Under this section, it is specifically provided that a person does not qualify as a dependent unless the taxpayer claiming the exemption has furnished "over half" of the dependent's support during the taxable year.

The specific issue in this case is whether medical bills compensated by insurance constitute support when paid under a policy maintained by the alleged dependent's employer. Mack D. Samples was employed by the American Thread Company which obtained the insurance. In addition to insurance payments, the alleged dependent, Mack D. Samples, received items of income and support from various sources, including the taxpayers.

It is admitted by both parties that the alleged dependent required a total of $2,073.93 for his needs and support during the taxable year 1958, provided the amount of $734.88 is included, which is the amount paid Mack D. Samples by a group insurance plan maintained by the American Thread Company.

The statute, it seems to this Court, is quite clear in its language that taxpayers cannot prevail unless they have contributed "over half" of the total amount of the support. It is immaterial that the insurance payments were derived from a policy maintained by the alleged dependent's employer. The benefits received thereunder were made available for the brother's benefit and must be included in his total support requirements.

As the amount contributed falls far short of half of the total amount required for his needs and support during the taxable year 1958, it seems to the Court that there is no merit in the taxpayers' case, and summary judgment is therefore granted in favor of the Government.

It is so ordered.